UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COREY D. TAYLOR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 4:18-CV-00610-ACL |
|  | ) |  |
| DAVID L. HOVEN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Corey D. Taylor for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

2

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is an inmate at the Franklin County Adult Detention Facility, in Union, Missouri. He brings this action pursuant to 42 U.S.C. §1983 against Judge David L. Hoven and the Sullivan, Missouri Police Department. Plaintiff is suing Judge Hoven in his individual and official capacity, and he is suing the Sullivan Police Department in its official capacity.

According to the complaint, plaintiff suffered violations of his civil rights, his Fourth and Fifteenth Amendment Rights, his "equal rights", and his right to be free from discrimination. (Docket No. 1 at 3). Plaintiff lists these alleged violations in a narrative fashion. In the

3

complaint, plaintiff alleges that on November 1, 2017, he was racially profiled by an off-duty officer of the Sullivan Police Department. (Docket No. 1 at 4). Plaintiff alleges that this officer "contacted an officer that was working to [r]un my [p]lates which later led to my arrest," and that this was done without probable cause. *Id.* Further, plaintiff claims that the Sullivan Police Department was negligent about the property and money that was inside his car. *Id.* He also claims that a Sullivan Police Officer contradicted his "Narrative Report" while testifying at the preliminary hearing. (Docket No. 1 at 4-5).

Next, plaintiff accuses Judge Hoven of being biased in his ruling when he determined the existence of probable cause in plaintiff's case. (Docket No. 1 at 5). He also states that he was in the Franklin County Jail for three-and-a-half months, and that during his time in jail, he appeared before Judge Hoven without legal representation. *Id.* He further claims that Judge Hoven discriminated against him by refusing to reduce his bond, despite his residence and employment being verified. *Id.*

Plaintiff alleges that his court-appointed conflict attorney has failed to visit him or attend his court dates. (Docket No. 1 at 6). He generally alleges that the judicial system is unfair and biased towards African-Americans. *Id.* He also specifically states that the county, courthouse, and jail are racially biased against him. *Id.* Plaintiff also claims that he does not have effective access to an updated law library. *Id.*

Plaintiff's complaint further alleges that officials "tase, pepper spray people for any and every [r]eason." (Docket No 1 at 7). He claims that jailhouse conditions, including overcrowding, with inmates sleeping on the floor, constitute unusual, inhumane, and cruel treatment. *Id.* He claims that the medical staff is poor, the treatment inadequate, and that plaintiff

knows of two deaths caused by insufficient medical care. *Id.* Finally, plaintiff claims that the jail tampers with inmate mail, especially mail coming from U.S. Courts or government agencies.

## Discussion

Plaintiff's claims against Judge Hoven are legally frivolous and will be dismissed because they are raised against him in his judicial capacity. Generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity applies even when a judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity is subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Duty v. City of Springfield, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Whether a judge's act is judicial relates to the nature of the act itself, that is, "whether it is a function normally performed by a judge, and to the expectations of the parties." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff's allegations against Judge Hoven accuse Judge Hoven of bias and discrimination in rulings he made in a preliminary hearing and in reviewing plaintiff's bond. These allegedly unlawful actions were judicial in nature, as they are functions normally performed by a judge. Therefore, Judge Hoven is granted absolute immunity from civil suit as to plaintiff's claims against him. Accordingly, plaintiff's claims against Judge Hoven are frivolous.

Plaintiff's claims against the Sullivan Police Department are also legally frivolous and will be dismissed. The Sullivan Police Department is a municipal department of Sullivan, Missouri, and is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as a police department are simply departments or subdivisions of city government, and "not juridical entities, suable as such"); *see*

*also Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Accordingly, the claims made against the Sullivan Police Department must be dismissed.

As listed above, plaintiff also makes a number of other claims in his complaint that are not directly related to the listed defendants. These claims will also be dismissed.

Plaintiff alleges that an unnamed officer of the Sullivan Police Department profiled him, leading to his arrest without probable cause. (Docket No. 1 at 4). An action must plead enough facts to state a claim for relief that is probable on its face. *Bell Atlantic Corp.*, 550 U.S. at 570. However, courts should dismiss complaints that are based on legal conclusions. *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) ( explaining that courts should not presume the truth of legal conclusions couched as factual allegations). Plaintiff's bare assertion that he was arrested without probable cause is a legal conclusion and must be dismissed for failure to state a claim.

Plaintiff further alleges that this unnamed officer of the Sullivan Police Department contradicted his "Narrative Report" while testifying at the preliminary hearing. (Docket No. 1 at 4-5). Again, an action must plead enough facts to state a claim for relief that is probable on its face. *Bell Atlantic Corp.*, 550 U.S. at 570. Plaintiff's claim states only that the officer testifying at the preliminary hearing "contradicted" himself on the stand. Plaintiff does not state the nature of this contradiction, or how it violated his constitutional rights. Therefore, this allegation must be dismissed for failure to state a claim.

Plaintiff alleges that his court-appointed conflict attorney has provided him ineffective assistance of counsel by failing to visit plaintiff or attend court dates. (Docket No. 1 at 6). Plaintiff's claim against his attorney must fail because a defense attorney, whether appointed or retained, does not act under color of state law for purposes of § 1983, and is not subject to suit. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992) (dismissing claim against defense attorneys because defense attorneys did not act under color of state law). Therefore, this claim must be dismissed.

Plaintiff claims that the judicial system is biased against African-Americans in general, and that the county, courthouse, and jail are racially biased against him in particular. (Docket No. 1 at 6). To the extent that plaintiff is alleging general bias, he fails to state a claim, because prisoners cannot bring claims on behalf of other prisoners. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). "A prisoner must allege a personal loss." *Id.* Plaintiff's claim regarding racial bias against him personally also fails for lack of factual allegations. Plaintiff does not allege facts to describe the manner in which he was personally discriminated against or how this caused him injury. For example, he does not allege that he was denied privileges given to inmates of other races, or that he was punished for things for which inmates of other races received no punishment. Plaintiff's complaint states only a conclusion that discrimination occurred. *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981) ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts"). This is insufficient. Therefore, this claim must be dismissed.

Plaintiff alleges that he did not have adequate or effective access to an up-to-date law library with appropriate material. (Docket No. 1 at 6). Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This fundamental right requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing them with adequate law libraries or assistance from persons trained in the law. *Id.* at 828. However, it is not enough for a prisoner to establish that a law library or legal assistance program is theoretically subpar. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, the inmate must show actual injury by demonstrating that the alleged shortcomings in the law library or legal assistance program hindered the inmate's efforts to pursue a legal claim. *Id.* In other words, an inmate "cannot merely allege a denial of access to a law library...even if the denial is systemic." *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996). Here, plaintiff alleges only that the law library is inadequate, and fails to describe what those alleged inadequacies are, or how they caused him actual injury. Therefore, this claim must be dismissed.

Plaintiff claims officials at the jail use improper force, that the jailhouse is overcrowded, and that the medical care is inadequate. (Docket 1 at 7). None of plaintiff's allegations detail any specific injury to himself. Accordingly, these claims must fail because plaintiff lacks standing to allege mistreatment on behalf of other inmates. *See Martin*, 780 F.2d at 1337. Furthermore, plaintiff fails to allege specific facts of a defendant's personal involvement in, or direct responsibility for, the deprivation of his constitutional right. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights").

Finally, plaintiff states that the jail tampers with mail, especially mailings from U.S. Courts or government agencies. (Docket No. 1 at 7). There is a constitutional justification for

censoring prisoner mail if (1) the practice furthers "an important or substantial governmental interest unrelated to the suppression of expression," and (2) the limitation of First Amendment freedoms is no greater than necessary or essential to protect the governmental interest involved. *Procunier v. Martinez*, 416 U.S. 396, 413-414 (1974). Furthermore, prison officials have the burden of establishing the need for censorship. *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987). However, plaintiff fails to state anything more than the conclusory statement that the jail "tampers with mail." (Docket No. 1 at 7). Plaintiff does not allege facts that support this conclusion. For example, he does not allege that he has failed to receive any mail, that he has not been allowed to send any mail, or that the anyone at the jail has read confidential information sent to or from plaintiff. Plaintiff does not even allege that his mail has been targeted for this tampering. Without any facts, plaintiff has only offered a conclusion. *See Kaylor*, 661 F.2d at 1183 ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts"). Moreover, plaintiff fails to allege who is responsible for this alleged constitutional violation, or to demonstrate a causal link between that person and the deprivation of his rights. *See Mayorga*, 442 F.3d at 1132. Therefore, this claim must be dismissed.

In a letter to the court, plaintiff requested an application for appointment of counsel. (Docket No. 7). To the extent that plaintiff's letter, dated April 14, 2018, can be construed as a motion for appointment of counsel, the court will deny plaintiff's request as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** this action is subject to dismissal for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 7) is **DENIED** as moot.

Dated this 8th day of May, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE